**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE: CASE NO.: 26-16224-SMG

IGOR OLEYEK, CHAPTER 13

Debtor.
_______________________________________/

**UNITED STATES OF AMERICA'S RESPONSE**
**TO DEBTOR'S AMENDED OBJECTION TO CLAIM # 4**

The United States of America, by and through the undersigned Assistant United States Attorney, on behalf of the Internal Revenue Service (the "IRS"), responds to the Debtor's *Amended Objection to Proof of Claim 4* (the "Objection") [D.E. 38] and in support thereof states as follows:

1. On May 14, 2026, Igor Oleyek (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On July 22, 2026, the IRS filed amended proof of claim 4-2 (the "Amended Claim") setting forth an unsecured priority claim in the amount of $9,836.69 and an unsecured general claim in the amount of $538.64.

3. On September 4, 2026, the Debtor filed an objection stating the 2025 tax return has been filed, and she is to receive a refund. Debtor requests the court sustain the objection and limit the priority claim to $5,044.30 for 2023 taxes owing. *See* Objection. [D.E. 38]

4. The IRS received Debtor's 2025 tax return, but the return has not been processed due to an identification issue. The undersigned advised Debtor's counsel that the Debtor needs to call the IRS or go to an IRS walk in office to verify his identity. The tax return will not be processed until Debtor has resolved the identity issue.

5. Further, the Claim was filed in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure and, thus, the Claim constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f); *In re Moreno*, 341 B.R. 813, 817 (Bankr. S.D. Fla. 2006) ("A proof of claim that meets the above standard along with the others imposed in Rule 3001, 'shall constitute prima facie evidence of the validity and amount of the claim.'").

6. Here, the Debtor has offered no countervailing evidence that rebuts the *prima facie* validity of the Claim. Thus, the Claim is "strong enough to carry over a mere formal objection without more." *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991).

7. Accordingly, the Claim should be allowed as filed and the Debtor's Objection should be overruled.

**WHEREFORE**, the IRS requests that the Debtor's Objection to Claim be overruled and any further relief this Court deems just and proper.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: */s/Christian Somodevilla*
CHRISTIAN SOMODEVILLA
Assistant United States Attorney
Florida Bar No. 59539
Christian.Somodevilla@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9092
Facsimile: (305) 530 -7139

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case or via U.S. mail as listed in the below Service List.

/s/*Christian Somodevilla*
CHRISTIAN SOMODEVILLA

## Service List

**VIA CM/ECF Notice:**

**26-16224-SMG Notice will be electronically mailed to:**

Michael H. Johnson info@attorneydebthelper.com,
LawOfficesofMichaelHJohnsonFortLauderdale@jubileebk.net

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek spowrozek@logs.com, LOGSECF@logs.com

Christian Somodevilla on behalf of Creditor United States of America, Department of Treasury, Internal Revenue Service
Christian.Somodevilla @usdoj.gov, Shannon.Patterson@usdoj.gov, Bridgett.Moore@usdoj.gov

Robin R Weiner auto-forward-ecf@ch13weiner.com